Argued August 20, reversed and remanded September 22, 1975

LEROY EARP, *Petitioner, v.* OREGON STATE
PENITENTIARY (No. 4453 02-75-054), *Respondent.*

540 P2d 387

*Gary D. Babcock,* Public Defender, Salem, argued
the cause and filed the brief for petitioner.

*Thomas H. Denney,* Assistant Attorney General,
Salem, argued the cause for respondent. With him
on the brief were Lee Johnson, Attorney General, and
W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

SCHWAB, C. J.

A disciplinary committee found petitioner guilty of possessing a knife in his prison cell. Petitioner did not contest that a knife was found in his cell, but strenuously insisted that he never knew the knife was there, and that it must have been "planted" in his cell by somebody.

•At the disciplinary hearing much time was devoted to the question of whether petitioner was required to keep his cell door locked when he was not in it. At the conclusion of the hearing, the presiding officer stated:

"* * * We feel that you are responsible for what is in your cell, especially when you have control of the key of your cell yourself * * *."

This issue was also prominent in the committee's written decision:

"* * * [Petitioner] stated that his understanding of the rules were that if he went to take a shower or was to be gone a short while, he did not have to lock his cell. The officer in charge of A Block assured the Committee that the rule in A Block is that every inmate must lock his cell any time he is not in the cell.[①]

"* * * * *

"* * * Inmate Earp is required to lock his cell at all times when he is not in the cell.

"* * * * *

---

[①] The "assurance" referred to by the committee does not appear in the record before us. This would seem to be a violation of Rule IV(6)(e), which provides:

"Finding of Fact by the disciplinary committee must be based upon evidence received in the hearing."

"Inmate Leroy Earp did violate Major Rule Eight, Possession, Manufacture or Use of Dangerous Contraband, Paragraph A. Weapons. The Disciplinary Committee considers violations such as detailed here where inmates are in possession of weapons to be extremely hazardous and cannot be tolerated.

"Decision and recommendations: The Disciplinary Committee recommends that Inmate Earp serve Segregation from February 9, 1975, the date he was placed in segregated status because of this report, through June 9, 1975 and further recommends that he be removed from A Block * * *."

■■ We cannot tell from the committee's decision whether petitioner's obligation (if any, see n 1, supra) to lock his cell was relied upon as circumstantial evidence tending to negate the "plant" defense, or whether the committee was really finding petitioner guilty of failing to lock his cell door. A finding of guilt on one charge cannot be predicated on a finding of guilt on another charge that was never made.

The committee's decision was reviewed by the prison superintendent pursuant to Rule VI which provides:

"The superintendent shall personally review each case within a reasonable time thereafter and he shall:

"a. Affirm the disposition imposed by the disciplinary committee; or

"b. Modify the disposition imposed by the disciplinary committee; or

"c. Reverse the conclusion of the disciplinary committee * * *."

The superintendent's full decision on review reads: "Reduce penalty to 30 days, reasonable doubt as to intent."

We cannot tell from the superintendent's decision whether and to what extent he doubted that the evidence sufficiently established the charge of possession of a weapon. The relevant rule contains no reference to "intent."[2] A "compromise verdict" resulting in a reduced penalty cannot be a substitute for the superintendent's duty to independently review the issue of petitioner's guilt or innocence.

Reversed and remanded.

---

[2] Rule 8 of the Major Rules of Prohibited Conduct provides:
"No inmate shall possess, manufacture or use
"a. Weapons."